UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KIMBERLY COOPER,

    Plaintiff,

v.                                                                          Case No.:  2:20-cv-936-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **AMENDED[1] ORDER[2]**

Kimberly Cooper brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3)[3] to review a final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income. (Doc. 1.) Under review is a decision by an Administrative Law Judge (ALJ). (Tr. 13-31.) The procedural history, administrative record, and law are summarized in the joint memorandum (Doc. 26), and not fully repeated here.

---

[1] The Court's prior Order (Doc. 28) is amended only to correct the name in the last sentence of the Order.

[2] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[3] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Cooper presents one issue: whether the ALJ failed to properly develop the record related to her mental limitations. (Doc. 26.) The Commissioner contends there was no error. (Doc. 26.) For the reasons below, the ALJ's decision is affirmed.

A court's review of a decision by the Commissioner is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3) (incorporating § 405(g)); *Wilson v. Barnhart,* 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019). The "threshold for such evidentiary sufficiency is not high." *Id.*

A claimant has the burden of establishing disability and must produce evidence to support the claim, *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003), while the ALJ has a duty to develop a full and fair record, *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The evidence must show how the claimant's impairments affect her functioning during the time she says she is disabled, and upon request, she must provide any other information the Social Security Administration (SSA) needs to decide her claim. 20 C.F.R. §§ 404.1512(a)(1), 416.912(a)(1). If a claimant fails to provide the "medical and other evidence" the SSA needs, it will "make a decision based on information

available[.]" 20 C.F.R. §§ 404.1516, 416.916. If an ALJ fails to fulfill his duty to fully develop the record and "the record reveals evidentiary gaps which result in unfairness or clear prejudice," remand is warranted. *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995).

The SSA generally "will not request a consultative examination until [it] has made every reasonable effort to obtain evidence" from the claimant's medical sources. 20 C.F.R. §§ 404.1512(b)(2), 416.912(b)(2). The regulations permit the ALJ to order a consultative examination if the medical evidence is insufficient to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1520b; 404.1517.

As noted, Cooper argues the ALJ failed to develop the record related to her mental limitations. She contends the ALJ should have ordered a consultative mental examination because there is an evidentiary gap in the record. The Court disagrees. The ALJ fully developed the record, and substantial evidence supports the decision.

The ALJ found Cooper suffers from severe impairments, including anxiety and depression. But she has no impairment or combination of impairments that meets or medically equals the severity of an impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19.) The ALJ observed that no physician or specialist found otherwise. (Tr. 19.)

The ALJ further evaluated the severity of Cooper's mental impairments under the psychiatric review technique. (Tr. 19-21.) The ALJ found that, consistent with the record, Cooper has mild and moderate limitations in the functional areas of the analysis. (Tr. 19.) In the RFC, the ALJ accounted for Cooper's mild and moderate limitations in mental functioning: "She can only understand, remember and carry out simple routine tasks. She can only adapt to occasional workplace changes." (Tr. 21.)

In determining the RFC, the ALJ also considered objective medical evidence. (Tr. 26.) The evidence includes: visits with Premier Family Clinic where she reported that medications were controlling her mood swings, normal mental status exam, not taking medications as instructed (Tr. 22, 468-70, 473-75); visits with Psychiatric Clinic showing generally normal mental status examinations; began taking medications as instructed, feeling better, and wanted to get back to work despite some ongoing anxiety related symptoms (Tr. 22-23, 561-75, 590-623); emergency room visit at the Decatur Morgan Hospital for possible overdose on her medications, but on discharge she showed significant improvement and was in stable condition (Tr. 23, 514-60); and Cooper contacted the State agency in December 2018 and reported her mental symptoms were controlled by medication (Tr. 24, 241).

The ALJ also considered: Cooper's testimony and activities of daily living (Tr. 20-21); Cooper's work history (Tr. 25); and the opinions of Robert Estock,

4

M.D., the State agency psychological consultant, who concluded that Cooper could perform the RFC outlined by the ALJ (Tr. 26, 93-94.) The ALJ limited the RFC even further to account for limitations in Cooper's ability to adapt to changes. (Tr. 21, 26.)

Cooper emphasizes that the ALJ stated that the record contained no medical opinion from February 14, 2019, to the hearing date (Tr. 24), but she testified that she was still being treated (Tr. 50-51). (Doc. 26 at 7.) Because she was still being treated, Cooper argues the ALJ should have ordered a consultative examination or left the record open and directed counsel to obtain missing records before issuing his decision. (Doc. 26 at 8.)

Cooper's argument fails. As the Commissioner contends, Cooper, through counsel, did not request that the record be left open to obtain additional records, instead telling the ALJ twice at the hearing that the record was complete and that no other evidence was forthcoming. (Tr. 35, 56-57); *see* 20 C.F.R. §§ 404.1516, 416.916 (if a claimant fails to provide the "medical and other evidence" the SSA needs, the SSA will "make a decision based on information available[.]"). In fact, post-hearing, Cooper's counsel obtained more recent medical records—26-pages from August 2019 to September 2019 (Tr. 59-84)—but Cooper does not explain why those records show ongoing symptoms or complaints related to her mental impairments that are more severe or imposed additional limitation beyond those the ALJ assessed. (Doc.

5

26 at 8.) Those records reveal Cooper sought treatment at Lee Memorial Hospital in August 2019, which preceded the hearing before the ALJ by a month, but Cooper still failed to identify this evidence and provide it to the ALJ. These 26-pages of records do not show a prejudicial gap. (*See* Tr. 75, 81 (noted to be moderately and borderline ill); Tr. 76 (refused psychotherapy referral); Tr. 77 (no suicide attempt for more than a year; no current thoughts of suicide, stating, "I want to live"); Tr. 80 (some abnormal findings on mental status exam, but was not suicidal and her perception and thought processes were normal); Tr. 82 (anxiety improved); Tr. 84 (normal mental status exam).) These records do not suggest that any consultative examination would help Cooper's case, even had she shown an evidentiary gap. Additionally, these records were later submitted by counsel and considered by the Appeals Council, which found that the evidence "does not show a reasonable probability that it would change the outcome of the decision." (Tr. 2.)

The statement by the ALJ that Cooper had received no treatment from February 2019 through the date of the hearing was accurate according to what the ALJ had in front of him when he issued his decision, and at any rate, was only one consideration that the ALJ evaluated in determining that the evidence, as a whole, did not support additional mental limitations in the RFC. An ALJ has "regulatory flexibility to evaluate mental impairments to determine their severity." *Sneed v. Barnhart*, 214 F. App'x 883, 886 (11th Cir.

2006) (citing 20 C.F.R. § 404.1520a and *Plummer v. Apfel*, 186 F.3d 422, 433 (3d Cir. 1999)). As discussed above, substantial evidence supports the RFC assessment. (Tr. 19-26.)

Because the record was sufficient for the ALJ to make an informed decision, the ALJ did not have to order a consultative examination. *See* 20 C.F.R. §§ 404.1520b; 404.1517.

The Court thus **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and against Kimberly Cooper and close the file.

**ORDERED** in Fort Myers, Florida this August 18, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record

7